1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOHN FRATUS,                          No.  2:20-cv-0354 TLN DB P

11                    Plaintiff,

12          v.                             ORDER

13   DAYSON, et al.,

14                    Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

17   action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he was suffered side effects from

18   psychiatric medication and was denied medical treatment. Plaintiff has filed the instant motion to

19   compel seeking information from counsel for defendants Hurley and Lozano, so that defendants

20   Dayson, Houston, Rodgers, Siegel, and Vallar can be served.  (ECF No. 36.)  For the reasons set

21   forth below, the court will deny the motion without prejudice.

22          Plaintiff was advised in the March 17, 2021 order that if the U.S. Marshal, the California

23   Department of Corrections and Rehabilitation, and the California Attorney General's Office "are

24   unable to effectuate service of process, the Court may make further orders requiring the plaintiff

25   to assist in providing additional information in order to effectuate service.  (ECF No. 22 at 2.)

26          Plaintiff is entitled to assistance in effectuating service in light of his status as an

27   incarcerated pro se plaintiff proceeding in forma pauperis.  Fed. R. Civ. P. 4(c)(3).  However, it is

28   plaintiff's burden to obtain sufficient information regarding defendants' identities and current

1

addresses to effect service of process.  Puett v. Blandford, 92 F.2d 270, 275 (9th Cir. 1990) (in

forma pauperis litigant is entitled to have process served by U.S. Marshal if litigant provides

necessary information to help effectuate service).  Additionally, plaintiff concedes in his motion

that the notice indicating defendants Dayson, Houston, Vallar, Siegel, and Rodgers could not be

served provided plaintiff with additional information.  He now has more specific information

regarding their names and potential workplaces.

Given that plaintiff has relevant information regarding the unserved defendants, the court

finds that he has sufficient information to complete the USM-285 forms sent to him along with

the court's May 17, 2021 order.  Thus, the court will deny the motion to compel.  Plaintiff is

warned that failure to serve any defendant may result in a recommendation that those defendants

be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 36) is denied without prejudice; and

2. Plaintiff shall complete and submit the Notice of Submission of Documents sent to

plaintiff with the May 17, 2021 order along with:

    a. One completed USM-285 form for each defendant;

    b. Six copies of the endorsed amended complaint filed October 26, 2020; and

    c. One completed summons form (if not previously provided) or show good cause

    why he cannot provide such information.

Dated:  July 27, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12

2

1  DB:1/Orders/Prisoner/Civil.Rights/frat0354.mt.comp