UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAYSON, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-0354 TLN DB P<br><br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffered side effects from psychiatric medication and was denied medical treatment.  Presently before the court is plaintiff's motion to stay discovery (ECF No. 87), motion for an extension of time to serve defendant Vallar (ECF No. 88), and motion for an extension of time (ECF No. 89.)

　　　Plaintiff concurrently filed a motion to stay discovery and request for a ninety-day extension of time to serve defendant Vallar.  (ECF Nos. 87, 88.)  Shortly thereafter, service was effected on defendant Vallar.  (ECF No. 90.)  Accordingly, plaintiff's motion for an extension of time to serve defendant Vallar will be denied as moot.

　　　Plaintiff requested that discovery deadlines by stayed because "Vallar is the most important material Defendant in this case."  (Id.)  The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

1

1  counsel, and for litigants. How this can best be done calls for the exercise of judgment, which

2  must weigh competing interests and maintain an even balance." Landis v. North American Co.,

3  299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of

4  establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997). Because defendant Vallar has

5  been served, the undersigned will deny the motion to stay discovery as moot.

6        Plaintiff next filed a notice of change of address and request for an extension of all

7  deadlines. (ECF No. 89.) Therein, plaintiff states he was unexpectedly transferred from R.J.

8  Donovan Correctional Facility to California State Prison, Corcoran[1] in order to attend court in

9  Kings County Superior Court. (Id. at 2.) He further states that his property remains at R.J.

10  Donovan Correctional Facility. Plaintiff states that he believes the California Department of

11  Corrections and Rehabilitation (CDCR) is intentionally obstructing him from effectively litigating

12  his civil actions against CDCR employees. He requests a sixty-day extension of time for all

13  deadlines in this action. (ECF No. 89 at 3.) Good cause appearing, the court will grant the

14  motion and extend the deadlines in the March 6, 2023 Discovery and Scheduling Order (ECF No.

15  86).

16        Accordingly, IT IS HEREBY ORDERED that:

17      1. Plaintiff's motion to stay discovery (ECF No. 87) is denied as moot

18      2. Plaintiff's motion for an extension of time to serve defendant Vallar (ECF No. 88) is

19  denied as moot.

20      3. Plaintiff's motion for an extension of time (ECF No. 89) is granted.

21  ////

22  ////

23

---

24  [1] The California Department of Corrections and Rehabilitation's inmate locator system located at http://inmatelocator.cdcr.ca.gov reflects that plaintiff is presently housed at R.J. Donovan Correctional Facility. The court may take judicial notice of information stored on the California Department of Corrections and Rehabilitation inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick &Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

4. The parties may conduct discovery until September 8, 2023. Any necessary motions to compel shall be filed by that date. All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34, or 36 shall be served not later than sixty days prior to that date.

5. All pretrial motions, except motions to compel discovery shall be filed on or before December 1, 2023.

6. The court's March 6, 2023 Discovery and Scheduling Order remains unchanged in all other aspects.

Dated: May 4, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/frat0354.var