UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAYSON, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0354 TLN DB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffered side effects from psychiatric medication and was denied medical treatment.  Presently before the court is plaintiff's motion for an extension of time and request for an order directing the California Department of Corrections and Rehabilitation to give plaintiff his legal property.

　　　　Plaintiff requests and extension of time for all current deadlines in this case.  (ECF No. 94 at 1.)  In support of the motion, plaintiff states that on March 22, 2023, he was involuntarily moved from Richard J. Donovan Correctional Facility ("RJD") to California State Prison, Corcoran ("CSP-COR") to "attend a court hearing for a 5 year old criminal case at Kings County Superior Court."  (Id.)  He further states that he was forced to leave his property at RJD even though he advised prison officials that his court hearing was scheduled to take place via videoconferencing.  Plaintiff appeared in court on March 28, 2023.  (Id. at 2.)  He states that during the brief appearance the judge "litterally [sic] apologized for physically brining [him] to

court" when the appearance should have taken place via videoconferencing and the matter was continued to May 5, 2023. (Id.)

Plaintiff states he was housed at CSP-COR from March 22, 2023 to April 19, 2023, without access to any of his property or mental health treatment. He was then placed in a mental health crisis bed from April 19, 2023 to April 27, 2023, because his mental health deteriorated as a result of the lack of treatment. He was returned to RJD on April 27, 2023 but was removed from the general population and placed in administrative segregation ("Ad-Seg") due to a "bogus" rules violation report ("RVR") he received on May 3, 2023. Plaintiff attended a classification committee meeting at RJD on May 11, 2023, where staff elected to retain plaintiff in Ad-Seg pending adjudication of his RVR. (Id.)

Plaintiff alleges that on May 17, 2023, at 1:00 a.m. an officer woke plaintiff and told him that they were moving him from RJD to California Men's Colony ("CMC"), that plaintiff had no choice, and that they had a cell extraction order. (Id.) Plaintiff argued with officers until noon, explaining that moving him without proper notice would violate specific provisions of the California Code of Regulations. (Id. at 3.) He states he was moved to CMC "without notice, classification committee action or endorsement, discussion, input, etc." and he is still endorsed to RJD. (Id.) During the cell extraction process, the RJD litigation coordinator came to plaintiff's "door to sign paperwork to get paid for 3 civil actions [plaintiff] had just settled on" April 21, 2023. (Id. at 4.)

Plaintiff alleges that lieutenant Cortes told him the exact amount of plaintiff's settlement and that they were moving him from RJD to CMC "out of retaliation and to obstruct [him] from effectively litigating" his cases. Plaintiff is presently housed at CMC and states that after thirty days there an officer brought him some property "but it was really only hygiene and food products with none of [his] legal property." (Id.)

Plaintiff has submitted property request forms, inmate request forms, and inmate grievance forms, but has not received his property. (Id. at 5.) Plaintiff alleges that he has not had access to his legal property for more than 90 days. (Id. at 6.) Thus, he argues, he is entitled to a 90-day extension of all deadlines currently pending in this action. (Id.) In light of plaintiff's

allegations, the undersigned will vacate the deadlines set forth in the March 3, 2023, discovery and scheduling order.  New deadlines will be set following receipt of counsel's response as set forth below.

In addition to his request for an extension of time, plaintiff also seeks an order from this court to order CDCR and CMC to give him all of his legal property, including legal paperwork, files, lawbooks, evidence, [and] documents." (Id. at 6.)  Plaintiff is advised that issues unrelated to his underlying claim in this action, to the extent he feels they amount to a violation of his constitutional rights, should be raised in a separate civil action.  Further, court orders directed at individuals who are not a party to the action are disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . . resulting from litigation in which he is not designated as a party . . . .").

However, in light of the allegations raised in plaintiff's motion, and out of an abundance of caution, the undersigned will direct counsel for defendants to conduct an inquiry into the location and status of plaintiff's legal property and file a response detailing the results of the inquiry.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The deadlines set forth in the March 6, 2023, discovery and scheduling order (ECF No. 86) are vacated.  New deadlines will be set following receipt of defendants' statement.
2. Counsel for defendants shall contact the litigation coordinator at CMC to determine the location and status of plaintiff's legal property.
3. Within twenty-one days of the date of this order counsel shall file a statement reflecting whether plaintiff has requested and/or been provided any legal property needed to litigate this action along with any necessary declarations.

Dated:  July 14, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/frat0354.eot+prop

3