UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAYSON, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0354 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he suffered side effects from psychiatric medication and was denied medical treatment. Presently before the court is plaintiff's motion to appoint counsel (ECF No. 96) and defendants' response to the court's July 17, 2023, order (ECF No. 97).

**DEFENDANTS RESPONSE**

**I.    Background**

In a filing dated June 24, 2023, plaintiff requested an extension of time for all deadlines in this action because he was involuntarily transported and did not have access to his legal property. (ECF No. 94.) He also requested that the court issue an order compelling the California Department of Corrections and Rehabilitation ("CDCR") to return his legal property. The undersigned vacated the deadlines in the March 6, 2023, discovery and scheduling order ("DSO")

////

and ordered counsel for defendants to contact the litigation coordinator and California Men's Colony ("CMC") to determine the status of plaintiff's access to his legal property.  (ECF No. 95.)

## II.     Defendants' Response

Defendants' response states that plaintiff "was issued two large boxes containing his legal property on July 3, 2023."  (ECF No. 97 at 2.)

## III.    Updated Schedule for Discovery

Defendants have filed a statement indicating that plaintiff received two boxes of his legal materials on July 3, 2023.  Additionally, plaintiff's most recent filing does not indicate that he does not have access to his legal materials.  Because it appears that plaintiff now has access to his property, the court will set forth new deadlines for completing discovery and filing dispositive motions.  The discovery and scheduling order shall remain unchanged in all other aspects.

## MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion requesting the court appoint counsel to represent him in this action. (ECF No. 96.)  In support of his motion plaintiff argues that counsel should be appointed because (1) this case is factually complex; (2) his incarceration and mental health issues limit his ability to investigate; (3) there are conflicting accounts that will result in a credibility determination; (4) plaintiff lacks legal education; (5) this case is legally complex due to the number of claims and defendants presented; (6) his allegations, if proved, would establish a constitutional violation; and (7) he has attempted to obtain counsel.  (Id. at 3-11.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion, as well as his other filings in this case, show that he is capable of citing relevant legal authority in support of his arguments and that he is also capable of articulating the nature of his claims without assistance. (See ECF No. 96.) Accordingly, the undersigned will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time and for an order compelling CDCR to return his legal property (ECF No. 94) is granted in part and denied in part, as follows:

 a. Plaintiff's request for an extension of time is granted in part. Any discovery shall be completed by **November 9, 2023**. Any pretrial motions shall be filed on or before **January 9, 2024**. The March 6, 2023, DSO remains unchanged in other aspects.

 b. Plaintiff's request for an order compelling CDCR to return his legal property is denied as moot.

2. Plaintiff's motion to appoint counsel (ECF No. 96) is denied without prejudice.

Dated: August 7, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/frat0354.mta+d.resp