UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>            Plaintiff,<br><br>   v.<br><br>DAYSON, et al.,<br><br>            Defendants. | No. 2:20-cv-0354 TLN DB P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he suffered side effects from psychiatric medication and was denied medical treatment. Presently before the court is plaintiff's motion to appoint counsel and for extension of time. (ECF No. 103.)

**I.    Plaintiff's Motion**

      Plaintiff requests a 60-day extension of time of all discovery deadlines. (ECF No. 103 at 1.) In support of his request he states he suffers from severe mental illness for which he is prescribed medication. He also states that in addition to his prescribed medication, prior to December 3, 2023, he "took Effexor, Molly, Ecstasy, Crystal, meth, spice, marijuana, alcohol, etc." (Id.) Thereafter, he began "having manic episodes, psychotic breakdowns, suicide attempt, etc. and sliced his wrist" on December 4, 2023, requiring stiches. (Id. at 1-2.) Plaintiff was confined in the suicide watch infirmary until December 13, 2023 when he was discharged to administrative segregation. (Id. at 2.)

1

Plaintiff alleges it may take weeks to receive his property and he anticipates that he may have to return to the infirmary or a mental health crisis bed if he decompensates again. (Id.) Plaintiff states that he may need to file a motion to compel because "defendants are being extremely uncooperative, changing their stories, flat out lying, refusing to comply, and refusing to answer/disclose discovery requests." (Id.) Plaintiff further alleges that the building where he is presently housed has no pens, supplies, or access to his own property.

## II. Motion to Modify the Discovery and Scheduling Order

Plaintiff's motion is dated December 17, 2023. (ECF No. 103 at 3.) The court notes that plaintiff previously sought and obtained several extensions of time to conduct discovery in this action. (See ECF Nos. 87, 91, 94, 95, 99, 101, 102.)

Federal Rule of civil Procedure 16(b)(4) provides that, "[a] schedule may be modified only for good cause and with the judge's consent." "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. In this district judges use a three-step inquiry to determine whether the party has acted diligently in the context of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted).

In determining whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 610.

The court is sympathetic to the inherent difficulties in litigating this case as an incarcerated individual struggling with his mental health. However, the court notes that plaintiff has sought and received numerous extensions of time in this action. Specifically, the court

2

previously vacated discovery deadlines so that plaintiff could serve all defendants (see ECF No. 71) and since the discovery and scheduling order was issued on March 6, 2023, plaintiff has sought and obtained several lengthy extensions of time (ECF Nos. 87, 91, 94, 95, 99, 101, 102). The court also notes that plaintiff has not provided any statement indicating that he acted diligently prior to his confinement on suicide watch.

Because plaintiff indicates that he has been separated from his property and does not know when it will be returned (ECF No. 103 at 2), the court will grant plaintiff's request for additional time. However, he is advised that absent extraordinary circumstances no further extensions of time to conduct discovery will be granted.

### III.     Motion to Appoint Counsel

Plaintiff states he is "renew[ing] his motion for appointment of attorney to assist [him] with this case because this is not fair defense counsel/defendant lying cheating breaking the law/rules etc. and for good cause shown above."  (ECF No. 103 at 3.)  Plaintiff has not provided any additional arguments in support of his request for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Plaintiff has stated twice that counsel for defendants is "being uncooperative, changing their stories, flat out lying, refusing to comply, and refusing" to respond to discovery requests and

breaking the "law/rules" (ECF No. 103 at 2, 3.) However, the actions of defense counsel does not warrant the appointment of counsel. The undersigned previously denied plaintiff's motion to appoint counsel reasoning that plaintiff had shown he was capable of citing relevant legal authority in support of his arguments and articulating the nature of his claims without assistance. (ECF No. 99 at 3.) The court finds that the instant motion indicates that plaintiff remains capable of articulating his claims pro se. Accordingly, the undersigned will deny the request to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 103) is granted in part and denied in part as follows:

1. Plaintiff's request for additional time is granted and the March 6, 2023, Discovery and Scheduling Order ("DSO") is modified in the following manner:
    a. The parties may conduct discovery until March 8, 2024;
    b. Pretrial motions shall be filed on or before May 10, 2024; and
    c. The remains unchanged in all other aspects.
2. Plaintiff's request for the appointment of counsel is denied without prejudice.

Dated: January 4, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/frat0354.eot+31

4