1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN FRATUS,                               No.  2:20-cv-0354 TLN DB P

12                   Plaintiff,

13          v.                                    ORDER

14    DAYSON, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffered side effects from

19    psychiatric medication and was denied medical treatment.  Plaintiff has filed the instant motion to

20    compel seeking production of portions of his medical records from August 21, 2016, that he

21    requested from defendants, and seeking sanctions against defense counsel.  (ECF No. 108.)  For

22    the reasons set forth below, the court will deny the motion to compel and for sanctions without

23    prejudice.

24    **I.     Motion to Compel and for Sanctions**

25              **A.  Plaintiff's Motion**

26          Plaintiff seeks to compel defendant Dayson to produce portions of plaintiff's medical

27    records from August 16, 2021, in response to two requests for production.  In August 2021,

28    Plaintiff cut his wrists and was given three "involuntary injections of Thorazine despite his

                                               1

objections" on the orders of a doctor.  (<u>Id.</u> at 5.)  Plaintiff states he experienced side effects from the injections, was hospitalized due to the side effects, and has permanent injury and disfigurement.  (<u>Id.</u>)  According to plaintiff, he requested production of his medical records from August 21, 2016 that (1) "specifically document[] the injections that Plaintiff received at approx. 4:30 A.M." and (2) state "the name of Defendant Doctor Jane Doe who gave Plaintiff injections of Thorazine at approx. 4:30 A.M."  (<u>Id.</u> at 4, 7.)  Plaintiff tried to obtain his own medical records from this date but was initially told that the records were "unavailable."  (<u>Id.</u> at 8; <u>see id.</u> at 4, 7.)  After filing a 602 appeal, plaintiff was given additional records that consisted of one page that had a "few sentences scribbled on it stating 'Plaintiff given injections of Thorazine.'"  (<u>Id.</u> at 8.)  On December 4, 2023, defendants responded to the requests for production, stating that plaintiff has access to his own medical records, and after an independent review of the records, defendants could not find anything from August 21, 2016.  (<u>See id.</u> at 2, 5, 7-8.)

Plaintiff argues that defendant Dayson's responses to two requests for production are "highly unacceptable."  (<u>Id.</u> at 5.)  He claims that his medical records are "extremely relevant" (<u>id.</u>) to the case and that it is "impossible" (<u>id.</u> at 6) that there are no records from the date of the incident.  Plaintiff alleges defendants and the California Department of Corrections and Rehabilitation ("CDCR") are "withholding evidence" and that they have "consistently lied throughout this case."  (<u>Id.</u>)  Plaintiff states that there are outside hospital records from August 22, 23, and 24, 2016 that document how he was under observation due to the suicide attempt that occurred on August 21, 2016.  (<u>Id.</u>)

Further, plaintiff seeks sanctions against defense counsel for "acting in bad faith" by allegedly not cooperating with plaintiff and not disclosing the proper discovery.  (<u>Id.</u> at 10.)

**B.  Defendant Dayson's Opposition**

Defendant Dayson opposed the motion, arguing that his responses were appropriate because plaintiff was referred to his own medical records which are available to him.  (ECF No. 113 at 1.)  Further, defendants reviewed plaintiff's medical records independently and also found that the requested records were unavailable.  (<u>Id.</u>)  Defendants argue that they cannot be compelled to produce documents that appear not to exist.  (<u>Id.</u> at 3.)  Plaintiff did not file a reply.

1       **II.     Legal Standard**

2              Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery

3       regarding any nonprivileged matter that is relevant to any party's claim or defense and

4       proportional to the needs of the case, considering the importance of the issues at stake in the

5       action, the amount in controversy, the parties' relative access to relevant information, the parties'

6       resources, the importance of the discovery in resolving the issues, and whether the burden or

7       expense of the proposed discovery outweighs its likely benefit.  Information within this scope of

8       discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

9              Parties "may serve on any other party a request within the scope of Rule 26(b): [¶] (1) to

10      produce and permit the requesting party or its representative to inspect, copy, test, or sample the

11      following items in the responding party's possession custody or control: (A) any designated

12      documents" or (B) tangible things. Fed. R. Civ. P. 34(a)(1).  "Property is deemed within a party's

13      'possession, custody, or control' if the party has actual possession, custody, or control thereof or

14      the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW

15      LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d

16      465, 469 (6th Cir. 1995)); see also Evans v. Tilton, No. 1:07-cv-1814 DLB PC, 2010 WL

17      1136216, at *1 (E.D. Cal. Mar. 19, 2010).

18             Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may

19      move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

20      37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

21      incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have

22      'broad discretion to manage discovery and to control the course of litigation under Federal Rule

23      of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

24      Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

25             Specifically, the party moving to compel bears the burden of informing the court

26      (1) which discovery requests are the subject of the motion to compel, (2) which of the responses

27      are disputed, (3) why the party believes the response is deficient, (4) why any objections are not

28      justified, and (5) why the information sought through discovery is relevant to the prosecution of

3

1  this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal.

2  June 9, 2016); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.

3  Cal. Mar. 27, 2008).

4        "The party seeking to compel discovery has the burden of establishing that its request

5  satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery

6  has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

7  explaining or supporting its objections."  Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL

8  1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

9  **III.    Analysis**

10      **A.  Motion to Compel**

11          **1.  Plaintiff's Request for Production No. 1**

12
13  Please disclose to Plaintiff his medical records from 8-21-2016 which specifically
documents the injections that Plaintiff received at approx. 4:30 A.M.  Plaintiff has already
attempted to obtain these records on his own to no avail.  Plaintiff has requested his
14  medical records from this date and even filed a 602 demanding these records but was told
that these records cannot be found.
15

16  (ECF No. 108 at 4; ECF No. 113 at 2.)

17          **2.  Plaintiff's Request for Production No. 2**

18  Please disclose to Plaintiff any and all medical records from 8-21-16 with the name of
Defendant Doctor Jane Doe who gave Plaintiff injections of Thorazine at approx. 4:30
19  A.M.  Plaintiff has already attempted to obtain these records on his own to no avail.
Plaintiff even filed a 602 demanding these records but was told that these records cannot
20  be found.

21  (ECF No. 108 at 7; ECF No. 113 at 3.)

22          **3.  Defendant's Response to Request for Production Nos. 1 and 2[1]**

23  Responding parties refer Plaintiff to his CDCR medical file, which is equally accessible to
him.  Responding parties have nothing responsive to this request.  A review of Plaintiff's
24  medical records available to responding parties located no records from August 21, 2016.
Discovery is continuing and, if responsive documents are located, they will be produced in
25  a supplemental response.

26  (Id. at 5, 7; ECF No. 113 at 2, 3.)

27
_____

28  [1] Defendant Dayson's Responses to Request for Production Nos. 1 and 2 are the same.

**4.  Analysis and Ruling on Plaintiff's Request for Production**

Plaintiff is requesting that defendants produce plaintiff's medical records from August 21, 2016.  "Where prison medical records are 'equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels' before seeking court intervention based on a 'showing that he has been unable to obtain these records on his own.'"  Jones v. Arnette, No. 1:16-cv-01212 DAD GSA PC, 2021 WL 2073681, at *4 (E.D. Cal. May 24, 2021) (citing Glass v. Diaz, No. 1:04-CV-5953 AWI DLB P, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007)); see Singleton v. Hedgepath, No. 1:08-cv-00095 AWI GSA PC, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) ("[T]he Court will not order Defendants to produce documents that are equally accessible to both parties . . . .").

Here, there is evidence that plaintiff attempted to access his medical records and received a response that the records for August 21, 2016, were unavailable.  (See ECF No. 108 at 4, 7, 8.)  Additionally, after learning plaintiff indicated that the records from August 21, 2016, were unavailable to him, defendants went a step further and did their own search for the records and could not locate them.  (Id. at 5, 7-8; ECF No. 113 at 2, 3.)  Plaintiff's showing that he attempted to obtain his records from August 21, 2016 but could not, may favor granting the motion. see Glass, 2007 WL 2022034, at *4 (denying motion to compel production of plaintiff's medical file where the plaintiff had the ability to access his own medical file and made no showing that he was unable to obtain own records) However, defendants have already independently tried to find the records and also determined they were unavailable.  Therefore, defendants are not required to produce what they do not have.  See Valenzuela v. Smith, No. S 04-0900 FCD DAD P, 2006 WL 403842, at *3 (E.D. Cal. Feb. 16. 2006) ("Defendants cannot be compelled to produce documents they do not have and will not be compelled to produce documents that are equally available to plaintiff in his prison medical file . . . .").

Based on the foregoing, the court shall deny plaintiff's motion to compel.

////

////

5

**B.  Request for Sanctions**

Plaintiff also requests the imposition of sanctions on defense counsel to cover "reasonable expenses incurred in making the motion."  (ECF No. 108 at 11.)  Plaintiff alleges that defense counsel is "acting in bad faith with his refusal to cooperate with Plaintiff, contact plaintiff, and disclose to Plaintiff the discovery he is entitled to."  (Id. at 10.)

Under Rule 37(a), if a motion to compel is granted, the court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).  In light of the court's decision to deny plaintiff's motion to compel, the motion for sanctions shall also be denied.

## IV.    Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to compel and request for sanctions (ECF No. 108) is denied without prejudice.

Dated:  May 28, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:18
DB/DB Prisoner Inbox/Civil Rights/S/frat0354.mtc

6