UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FRATUS, | | |
| | Plaintiff, | No. 2:20-cv-0354 TLN SCR P |
| v. | | |
| DAYSON, et al., | | **ORDER** |
| | Defendants. | |

This matter is before the Court on pro se Plaintiff John Fratus's ("Plaintiff") Motion for Reconsideration of the assigned magistrate judge's June 30, 2025, order. (ECF No. 146.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

On June 20, 2025, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 142.) Plaintiff stated he sought to amend the complaint because multiple defendants and claims had been dismissed and he wanted to shorten and simplify the issues so the jury would not be confused. (*Id.* at 1.) Plaintiff argued allowing for the second amended complaint would not cause any harm or prejudice and would benefit all, including the Court. (*Id.* at 2.)

On June 30, 2025, the assigned magistrate judge issued an order denying Plaintiff's request to file a second amended complaint. (ECF No. 145.) The magistrate judge stated that "[w]hile the court underst[ood] [P]laintiff's reasons for wanting to file an amended complaint, [Plaintiff] d[id] not furnish the good cause necessary for the amendment." (*Id.* at 5.) Plaintiff now seeks reconsideration of this decision. (ECF No. 146.)

1

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

Here, Plaintiff argues the magistrate judge's order denying his motion for a second amended complaint was unsupported, "vague, conclusory, and d[id] not sufficiently specify the reasoning behind the denial[.]" (ECF No. 146 at 2.) Further, Plaintiff contends that under Federal Rule of Civil Procedure ("Rule") 15, which governs amendments before trial, good cause is not required. (*Id.*) While Plaintiff is correct that under Rule 15(a)(2), the Court should freely give leave when justice so requires, requests to amend are ordinarily denied when they will result in undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This action was originally filed on February 14, 2020. (ECF No. 1.) The fact discovery and dispositive motions period is now closed. (ECF No. 145 at 5.) Furthermore, a pretrial conference has been scheduled and this case is set to proceed to trial. (*Id.*) Accordingly, the Court finds allowing Plaintiff to file a Second

Amended Complaint would result in undue delay in resolving this action.

While the assigned magistrate judge did not expound his reasoning behind his denial, nor did he apply the Rule 15 standard, the Court finds no reason to reverse the magistrate judge's decision given the outcome would remain the same. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Date: August 6, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE