UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FRATUS,

          Plaintiff,

    v.

DAYSON, et al.,

          Defendants.

No.  2:20-cv-00354 TLN SCR

ORDER and
FINDINGS & RECOMMENDATIONS

Petitioner is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil right action under 42 U.S.C. § 1983.  Plaintiff's motion for clarification, emergency injunction, and time extension is pending before the undersigned.  ECF No. 176.

**MOTION FOR CLARIFICATION**

Plaintiff asks why he was not brought to his scheduled settlement conference on March 4, 2026.  ECF No. 176 at 9.  Plaintiff is advised that the undersigned vacated the settlement conference due to plaintiff's unavailability and rescheduled it for April 4, 2026, before Magistrate Judge Boone.  ECF Nos. 173, 174.  The Court has received plaintiff's confidential settlement conference statement, ECF No. 171, and plaintiff does not need to resubmit it.

**MOTION FOR EMERGENCY INJUNCTION**

**I.  Plaintiff's Motion**

Plaintiff's filing includes a motion for a preliminary injunction seeking an "emergency

1

transfer of Pelican Bay State Prison to any CDCR prison with video cameras and body cameras." ECF No. 176 at 10-13.  Plaintiff alleges Pelican Bay State Prison ("PBSP") staff threaten him with physical harm and continuously issue false Rule Violation Reports (RVRs) without fear of reprisal because of the absence of cameras in the facility.  Id. at 11-12.  Plaintiff further alleges that he is in the EOP (Enhanced Outpatient Program) and is unlawfully housed in a non-EOP Restricted Housing Unit.  Id. at 13.  Plaintiff asks the Court to order CDCR and the Pelican Bay State Prison Warden to move him to facility with cameras and an "EOP RHU Hub."  Id.

## II.     Legal Standards

A preliminary injunction is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards.  A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a preliminary injunction by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor.  All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

A preliminary injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)–(C).  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  Further, a plaintiff must "establish a relationship between the injury claimed" in the motion for injunctive relief and "the conduct asserted in the complaint."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally.  Absent that relationship or nexus, the district court lacks authority to

2

grant the relief requested." Id. (internal quotation and citation omitted).

**III.   Discussion**

The undersigned is deeply concerned by the factual allegations in the introduction section to plaintiff's motion.  Plaintiff alleges physical assaults by PBSP staff, denials and delays of mental health services, and medical staff disregard for suicidal ideation that plaintiff later acted on and that required outside hospitalization.  ECF No. 176 at 2-5.  Despite these deep concerns, plaintiff's motion for an emergency injunction should be denied on jurisdictional grounds.

First and foremost, because neither CDCR nor the PBSP Warden are parties to this action, the Court lacks jurisdiction to effectuate plaintiff's requested prison transfer.  See Zepeda, 753 F.2d at 727.  The defendants in this action are medical staff and officials at a different state prison, California Medical Facility, who lack the authority to carry out the requested transfer and are not plausibly "in active concert or participation" with PBSP officials.  Fed. R. Civ. P. 65(d)(2).  Further, plaintiff's alleged injuries bear no relationship to the Eighth Amendment outdoor exercise and medication side effects claims in his operative complaint.  See Pac. Radiation Oncology, 810 F.3d at 636.

Accordingly, the undersigned recommends that plaintiff's emergency preliminary injunction motion be denied.  Nothing in these findings and recommendations precludes plaintiff from raising these claims against CDCR and PBSP officials in a new lawsuit.

**MOTION FOR EXTENSION OF TIME**

In his motion, plaintiff also requests a 30-day extension of time for all current deadlines in the action.  ECF No. 176 at 13-14.  Plaintiff is advised that the action is an ADR stay and there are no pending deadlines.  ECF No. 169.  Accordingly, petitioner's request is denied.

**CONCLUSION**

Accordingly, plaintiff's motion for time extension (ECF No. 176) is DENIED.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's motion for emergency injunction (ECF No. 176), construed as a motion for preliminary injunction, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after

3

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE